STATE v. MARION POWELL.

*Indictment for Conspiracy to Procure Seduction—Evidence,
Sufficiency of.*

1  Conspiracy to seduce and defile a young unmarried woman is an indictable offence at common law.

2.  The evidence recited in the opinion held to be sufficient to be submitted to the jury upon the question of defendant's guilt.

INDICTMENT for conspiracy to procure the seduction of a young unmarried woman, tried at Fall Term, 1897, of ASHE Superior Court before *Greene, J.,* and a jury. The indictment was as follows: "The jurors upon their oath present that Marion Powell and Lula Powell, late of the County of Ashe on the 1st day of June, in the year of our Lord one thousand eight hundred and ninety-seven, with force and arms at and in the County aforesaid unlawfully and wilfully did between themselves conspire, combine, confederate and agree together, wickedly, knowingly and designedly, feloniously to procure by false pretenses, false representations and other fraudulent means, one Lilly Lawrance then being a poor child under the age of twenty-one years, *to-wit:* of the age of seventeen years, to leave her father's house without his consent, which said father had the legal control of her, the said Lilly Lawrence, for the purpose of prostituting her the said Lilly Lawrence and did prostitute her the said Lilly Lawrance against the form of the Statute in such case made and provided and against the peace and dignity of the State."

The defendant Marion Powell alone was tried. The evidence is summarized in the opinion of the Court. His Honor charged the jury that before they could convict the defendant they must be satisfied beyond a reasonable doubt from the evidence that the defendants conspired together between themselves to procure Lilly Lawrance to leave her home and go to Tennessee to the end that Marion Powell

STATE *v.* POWELL.

might prostitute her. Counsel for defendant asked the Court to instruct the jury that there was not sufficient evidence to warrant them in finding, beyond a reasonable doubt, that there was a conspiracy between the defendants and that they should acquit. This instruction was refused and defendant excepted. There was a verdict of guilty, and the defendant was sentenced to two years service upon the roads of Iredell County and appealed.

*Mr. Zeb V. Walser, Attorney General*, for the State.
No counsel *contra*.

MONTGOMERY, J.: Marion Powell and Lula Powell were indicted for a conspiracy to procure the seduction and defilement of Lilly Lawrance, a young unmarried woman eighteen years of age, and living, just before the offence charged, with her father. The male defendant alone was tried. The defendant's first exception was to the sufficiency of the indictment, it having been insisted that the bill charged no offence. There is nothing in this exception. The matter was set out in approved form (Form 654, 2 Wharton Forms), and the offence charged was that of a conspiracy to seduce and defile a young unmarried woman, which is a crime indictable at common law. Wharton Am. Crim. Law, Sec. 2317; 2 McClain Crim. Law, Section 959.

The only other exception was to the refusal of his Honor to charge the jury, at the request of the defendant, that there was not sufficient evidence upon which they could reasonably find a verdict of guilty against the defendant. His Honor properly refused to give the instruction. There was evidence going to show that the prosecutrix was unmarried and eighteen years old and living with her father; that the female defendant was a married woman, her husband being the brother of the other defendant, Marion Powell,

STATE *v.* JENKINS.

who himself was a married man; that the female defendant sent for the prosecutrix who lived a mile or more away, at her father's house, to come to her house to help her about some house work; that after she arrived the defendant Marion told her that if Joe, his brother, and the husband of Lula, did not pay her for her work, he would; that during the week she stayed at the female defendant's house, and repeated importunities were made by the defendants to the prosecutrix that she would go with them to the store of Marion in Tennessee, about ten miles off; that the defendants were constantly engaged in close conversation with each other, and immediately afterwards would try again to persuade the prosecutrix to go with them to Tennessee; that finally the prosecutrix consented to go, she and the defendant Lula taking one road, and Marion another, and meeting after they had gotten out of the neighborhood; that after they got to Tennessee the defendant Marion had intercourse with the prosecutrix.

There is a good deal more of such testimony, and certainly there was enough to have been submitted to the jury on the question of the defendant's guilt.

No error.